UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHASE ANDERSON ROMAGNANO,

    Plaintiff,

v.                                      Case No. 3:23cv8294-TKW-HTC

CORD BYRD,
Secretary of the State of Florida

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Chase Anderson Romagnano's "Request for Injunctive Relief," ECF Doc. 1, and motion to proceed *in forma pauperis*, ECF Doc. 2.  Romagnano, who is proceeding *pro se*, contends he is a candidate for the United States Senate.  He seeks for this Court to issue an injunction against the State of Florida "declaring qualifying fees, petition signatures, and any burden imposed by Florida state law to become eligible for [congressional] election other than simply [registering with the chief elections officer]" unconstitutional.  ECF Doc. 1 at 6–7.  Upon consideration, the undersigned recommends this action be DISMISSED, *sua sponte*, for lack of subject matter jurisdiction or, alternatively, for failure to state a claim.  For the same reasons, Plaintiff's motion to proceed *in forma pauperis* is DENIED.

Under 28 U.S.C. § 1915(e), the Court shall dismiss any claim filed under the *in forma pauperis* statute that "fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Additionally, district courts have "'unquestionable' authority to control their own dockets. This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Indeed, while a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *report and recommendation adopted*, 2015 WL 13776795 (June 22, 2015). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020).

As an initial matter, the Court lacks subject matter jurisdiction over this case because Plaintiff has not filed a civil complaint. Under the Federal Rules of Civil Procedure, a civil action must be commenced "by filing a *complaint* with the court." Fed. R. Civ. P. 3 (emphasis added). A civil action, generally, cannot be commenced with the filing of a motion, much less a request. *See Romero v. FCI Marianna Health*

*Serv. Adm'r*, No. 5:21-CV-145-TKW-MJF, 2021 WL 3728268, at *1–2 (N.D. Fla. July 29, 2021), *report and recommendation adopted*, No. 5:21-CV-145-TKW-MJF, 2021 WL 3726739 (N.D. Fla. Aug. 23, 2021) (dismissing a case initiated by filing requests for preliminary injunction for lack of subject matter jurisdiction). Without a complaint, there is no case or controversy before this Court. *Id.*

Regardless, even if Plaintiff's request for injunctive relief was accompanied by a proper complaint, he cannot state a claim against the Secretary. Article 1, §§ 2–3 of the United States Constitution set forth the qualifications for membership in the United States Congress. Section 2 sets forth those qualifications for members of the House of Representatives and Section 3, those for the Senate. Additionally, under § 4, states may prescribe "[t]he Times, Places and Manner of holding Elections for Senators and Representatives." U.S. Const. art I, § 4, cl. 1.

Plaintiff argues Florida's election laws impose additional requirements on congressional candidates which violate the Constitution. Whether couched in terms of a violation of Article 1, the First Amendment, or Fourteenth Amendment, Plaintiff's argument has been resoundingly rejected.[1]

---

[1] Plaintiff relies on *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 827, 832–35 (1995) as supporting his position. That case, however, is inapposite. There, the Court held that Section 73 of the Arkansas Constitution, prohibiting the name of an otherwise-eligible candidate for Congress from appearing on the general election ballot if that candidate had already served three terms in the House of Representatives or two terms in the Senate, violated Article 1 because that state-imposed requirement added a "qualification" not set out in the United States Constitution, which resulted in a fundamental change to the constitutional framework. *Id.* at 837. Section 73 was not

Case No. 3:23cv8294-TKW-HTC

Like the Plaintiff here, in *Green v. Mortham*, 155 F.3d 1332 (11th Cir. 1998), the plaintiff challenged the constitutionality of Florida's qualifying fee and signature petition requirements. *Id.* at 1333. The Eleventh Circuit affirmed the magistrate judge's determination that those provisions did not violate the First Amendment or Fourteenth Amendment. *Id.* Specifically, the court found Florida's then-applicable 6–7.5% qualifying fee and 3% signature requirement set forth in Fla. Stat. §§ 99.092 and 99.095, to be reasonable "time, places, and manner" restrictions on ballot access, justified by the State's strong regulatory interest. *Id.* at 1337–39.

The *Green* decision is consistent with the Supreme Court's holding in *Jenness v. Fortson*, 403 U.S. 431 (1971). In *Jenness*, the Supreme Court found Georgia's election code, which required candidates for state and federal public offices who wished to have their names printed on the general election ballot to pay a filing fee equal to 5% of the annual salary of the office being sought *and* file a nominating petition signed by at least 5% of all registered voters in the last election, was constitutional and did not violate the defendant's free speech, equal protection, or due process rights. *See Jenness*, 403 U.S. at 442; *see also Biener v. Calio*, 361 F.3d 206 (3d Cir. 2004) ($3,000 filing fee did not constitute an impermissible

---

simply a prescription as to the "time, place and manner" of holding an election. Indeed, the petitioner in *Thornton* conceded Section 73 added a qualification and argued, instead, that the Constitution contains no express prohibition against state-added qualifications. *Id.* at 800.

Case No. 3:23cv8294-TKW-HTC

qualification).

Moreover, just a few years after the court decided *Green*, the Eleventh Circuit addressed whether Georgia's 5% signature requirement violated Article 1 and concluded it was "a permissible procedural regulation of the manner in which candidates may obtain ballot placement," which "d[id] not 'even arguably impose' any substantive qualification," nor did it violate "any other constitutional provision." *See Cartwright v. Barnes*, 304 F.3d 1138 (11th. Cir. 2002), *cert. denied sub nom Cartwright v. Perdue*, 123 S. Ct. (2003); *see also Fowler v. Adams*, 315 F. Supp. 592, 594–95 (M.D. Fla. 1970) (holding that the 5% annual salary fee requirement payable under section 99.092 at the time was "a legitimate regulation of the 'Manner of holding Elections' prescribed by the state as permitted by Article I, Section 4, Clause 1, of the federal Constitution" and it was "reasonable, not arbitrary and not unconstitutional").

Given the precedents above, Plaintiff cannot state a claim against the Secretary.

Finally, because Plaintiff has no feasible claim, his motion to proceed *in forma pauperis* is also denied. *See Reardon v. Institutional Leasing LLC*, 2012 WL 13042665, at *1 (S.D. Fla. Mar. 6, 2012) ("the Court can deny a motion to proceed in forma pauperis and dismiss the action if the claims in the underlying complaint are frivolous or fail to state a claim on which relief may be granted"); *see also Davis*

Case No. 3:23cv8294-TKW-HTC

*v. CitiMortgage, Inc.*, 2012 WL 13134242, at *1 (N.D. Ga. Jan. 9, 2012) (recommending that plaintiff's motion for *in forma pauperis* status be denied "because, having reviewed the complaint in this action with deference to the fact that Plaintiff is attempting to appear pro se, the federal claim set forth in the complaint is frivolous and/or fails to state a claim for relief, and repleader would be futile against the named Defendant"), *report and recommendation adopted*, 2012 WL 13134244 (N.D. Ga. Feb. 2, 2012).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF Doc. 2, is DENIED.

It is also RECOMMENDED:

1. This case be DISMISSED for lack of subject matter jurisdiction or, alternatively, for failure to state a claim.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of April, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE**

Case No. 3:23cv8294-TKW-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.